J-S58024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
            :            PENNSYLVANIA
            :
       v.           :
            :
            :
EMMANUEL MILLER          :
            :
    Appellant        :   No. 410 WDA 2018

Appeal from the Judgment of Sentence February 9, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000465-2017

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:          **FILED OCTOBER 16, 2018**

Emmanuel Miller (Appellant) appeals from the judgment of sentence imposed after he pled guilty to driving under the influence (DUI) and driving without a license.[1]  Appellant's counsel, Emily M. Merski, Esquire (Counsel), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we affirm Appellant's judgment of sentence and grant Counsel's petition to withdraw.

The trial court recounted the factual and procedural history of this case as follows:

> [Appellant] entered a plea on [ ] November 6, 2017.  The plea was to two counts[:] Count 4, [DUI], as a Tier III, first offense with a minor occupant in the vehicle and Count 5, Drivers Required to be Licensed.  The violation section pled to by [Appellant] was

---

[1] 75 Pa.C.S.A. §§ 3802(d)(3), 1501(a).

3802(d)(3) for a combination of Alcohol and Controlled Substance or a Combination of Controlled Substances. The offense was graded as a misdemeanor of the first degree because at the time of the incident [Appellant] was operating a motor vehicle with a minor present while under the influence pursuant to 75 Pa.C.S.A. [§] 3804(C.1)(1). [Appellant's] plea involved a Commonwealth Sentencing recommendation of a low-end standard range.

A Guideline Form was prepared in advance of sentencing and [Appellant] underwent a drug and alcohol assessment as required and also a CRN evaluation. The Drug and Alcohol Assessment recommended a level of care and [Appellant] was to commence treatment on [November 22, 2017,] and it was then adjusted on [November 22, 2017] to start outpatient treatment. The Mortimer Filkins score on [Appellant's] CRN was a 56 and [Appellant's] Offense Gravity Score for the applicable DUI was a five. [Appellant's] Prior Record Score was also a five.

His prior record stemmed from a number of significant criminal offenses including a juvenile robbery for which he was adjudicated delinquent, multiple misdemeanors in Erie County as well as Escape as a felony and most recently a Firearms Not to be Carried Without License charge as a felony. A review of [Appellant's] Guideline Report indicated that he had served a significant sentence as a result of a conviction in 2002 and a 36-72 month SCI sentence in 2011.

At the time of [Appellant's] sentencing, there were issues that suggested ongoing mental health and drug and alcohol issues and other issues including indications of instability in the community. [Appellant] had just completed his state sentence at the time he committed the offense before the Court. He was also operating a motor vehicle at the time without a valid license.

Applying the Offense Gravity Score and prior record score of five, the applicable standard range was a minimum in the range of 12-18 months.

Trial Court Opinion, 5/7/18, at 1-2.

The trial court sentenced Appellant to 12 to 36 months of incarceration. Appellant filed a timely post-sentence motion which the trial court denied. Thereafter, Appellant filed this timely appeal.

On appeal, Counsel has filed a petition for leave to withdraw as counsel in addition to an *Anders* brief. There are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to precisely what an *Anders* brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d 349, 361 (Pa. 2009). When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, she finds this appeal to be wholly frivolous. Petition for Leave to Withdraw as Counsel, 7/24/18, at ¶ 3. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues she believes might arguably support Appellant's appeal. *See Anders* Brief at 4-9. Counsel's brief sets forth her conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 9-10. Finally, Counsel has attached to her

petition to withdraw the letter that she sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

Counsel's *Anders* brief advances Appellant's overarching argument challenging the discretionary aspects of Appellant's sentence. We recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), **appeal denied**, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), **appeal denied**, 91 A.3d 161 (Pa. 2014).

Here, Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction by raising his issue in a timely post-sentence motion, filing a timely notice of appeal, and including in his appellate brief a Rule 2119(f) concise statement. In addition, by asserting that his sentence beyond the standard range is unreasonable given the mitigating circumstances, he has raised a substantial question. **See, e.g., Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc)* (stating that a substantial question is raised where an appellant alleges that the sentencing court imposed a sentence in the aggravated range without adequately considering mitigating circumstances).

In his argument, Appellant recounts the procedural history of his case, and cites case law for general propositions relating to the discretionary aspects

of sentencing. ***See Anders*** Brief at 8-9. With regard to the specifics of his

claim, Appellant argues:

> Specifically, the Appellant argues that the court failed to consider the mitigating factors of the Appellant's case. The Appellant contends that the trial court did not take into consideration the fact that he has significant mental health issues that he was currently treating in Crawford County with both therapy and medication management. The Appellant suffers from longtime various mental health diagnoses which significantly motivated the actions taken by the Appellant for the current conviction and those in the past. The Appellant respectfully argued to the trial court that his ability to continue with the services that he currently uses and trusts – and will utilize upon his parole – was only visible if the court imposed a county-length sentence.
>
> The Appellant argues that given the mitigating factors of his case his sentence is excessive.

***Id.***

The Commonwealth, in response, states that the trial court considered

"all of the necessary factors" and acted within its discretion in imposing

Appellant's sentence. Commonwealth Brief at 13.

We review a challenge to a sentence that falls outside of the guidelines

mindful of the following:

> The sentencing guidelines are not mandatory, and sentencing courts retain "broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines." [***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617, 620-21 (2002); ***see*** 42 Pa.C.S. §9721(b)] (citing ***Commonwealth v. Ellis****, 700 A.2d 948, 958 (Pa.Super.1997)). "In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). However, "[t]his requirement is satisfied 'when the judge states his reasons for the sentence on the record and in the

defendant's presence.'" ***Commonwealth v. Widmer***, 446 Pa. Super. 408, 667 A.2d 215, 223 (1995), ***reversed on other grounds***, 547 Pa. 137, 689 A.2d 211 (1997). Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court. ***See Robinson***, 931 A.2d at 26 (quoting ***Commonwealth v. Walls***, 846 A.2d 152, 158 (Pa.Super.2004), ***reversed on other grounds***, 592 Pa. 557, 926 A.2d 957 (2007)) ("If a court chooses to sentence a defendant outside of the sentencing guidelines, it should state on the record adequate reasons for the deviation.").

"When imposing sentence, a court is required to consider 'the particular circumstances of the offense and the character of the defendant.'" ***Commonwealth v. McClendon***, 403 Pa.Super. 467, 589 A.2d 706, 712–13 (1991) (*en banc*) (quoting ***Commonwealth v. Frazier***, 347 Pa.Super. 64, 500 A.2d 158, 159 (1985)). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Id.***

***Commonwealth v. Antidormi***, 84 A.3d 736, 760–61 (Pa. Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

Consistent with the foregoing, and upon review of the record, we agree with the Commonwealth that Appellant's sentencing claim does not merit relief. The crux of Appellant's argument – that the trial court disregarded mitigating factors – is not supported by the record.

Contrary to Appellant's argument, the record belies Appellant's claim that the trial court failed to consider mitigating factors when it imposed Appellant's sentence. In addition to its commentary about other statutory considerations, the court addressed Appellant:

> . . . I understand where you are. I really do. And I'm pausing because I'm really trying to think of other options. But everything goes back to the same answer for me, and that is that the

sentence that I'm going to impose here is the right one. I'll explain it to you in a minute, okay? I don't do it lightly. It's not like I'm wishing to send you away for a long time. By definition, in the standard range, I'm at 12 months. That's a long time. House arrest is always an option in certain cases, but it just doesn't fit this case. I mean for a lot of reasons. And so then I'm looking at whether 12 months in a county facility makes sense where you're not going to get any programming, you're not going to get a halfway house upon release. You're not going to get anything.

And I really think that you have the wish to do better, right? And you have kind of the sense in your head of what you got to do to get there. You think you need to find a job. And I would tell you that while finding a job is a big deal to staying on the right path, finding an income stream, whether it's a disability income stream or whatever is equally important. It's hard to find work if you can't get yourself cleaned up and show up for an interview on time and all those things. There is nothing wrong with getting some assistance when you need it to get yourself on stable footing, so then you can work from there. I agree with you. I don't want you for 30 years to not be looking for work. But, you know, let's get you squared and started, and I think part of that process will come from some programming that's available upon release that the state has that we just don't have in our county jail. It makes no sense to put you there.

I also have a pretty firm starting point whenever I see someone that has a standard range state area and has been in state before that, generally speaking, the county does not serve any major deterrent type of effect from an incarceration standpoint. But, ultimately, what it comes down to is this: I think that the best chance for you to get stability and get on your feet right is to do the time and then come out with some programming that's laid out well for you. And that's not going to happen . . . with a local sentence.

N.T., 1/30/18, at 10-12.

Based on the foregoing, we find no merit to Appellant's claims that the trial court abused its discretion by disregarding mitigating factors when it imposed Appellant's sentence. *See*, *e.g.*, *Felmlee*, *supra* (judgment of

sentence in aggravated range affirmed where court noted mitigating factors and "carefully reviewed all the facts and made an intelligent decision as to sentencing"); *cf. Commonwealth v. Hyland*, 875 A.2d 1175 (Pa. Super. 2005) (judgment of sentence vacated where court "focused exclusively" on aggravating factors and "virtually ignored" mitigating factors such as appellant's lack of prior criminal record, his age, his personal characteristics, and his life situation). Accordingly, we affirm the judgment of sentence.[2]

Judgment of sentence affirmed. Petition to withdraw granted. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2018

---

[2] On August 20, 2018, Appellant filed with this Court a *pro se* Application for Immediate Release, seeking to have this Court order his immediate release from incarceration. Appellant's motion is denied.